UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | ED CV 19-1154-DMG (AGRx) | Date | July 7, 2023 |
| Title | *Robert Garcia v. County of Riverside, et al.* | Page | 1 of 1 |

Present: The Honorable  DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR COUNSEL'S FAILURE TO COMPLY WITH COURT'S SCHEDULING AND CASE MANAGEMENT ORDER**

On February 20, 2020, the Court issued a Scheduling and Case Management Order ("CMO") that requires, among other things, the parties to file certain *joint* pretrial submissions. [Doc. # 44.]  These include (1) a joint exhibit list, (2) a proposed Final Pretrial Conference Order, (3) a joint trial witness time estimate form, (4) a joint pretrial exhibit stipulation, (5) a joint statement of the case, and (6) a joint statement of agreed jury instructions.  But on July 5, 2023, the date on which all these filings were due, the parties instead filed unilateral proposed jury instructions, witness time estimate forms, and exhibit lists.  [Doc. ## 109, 122, 114, 119, 115, 120.]  Defendants filed a unilateral proposed statement of the case.  [Doc. # 121.]  The parties failed entirely to file a proposed Final Pretrial Conference Order.

The parties should note that the CMO requires, *inter alia*, cooperation between the parties in preparing the jury instructions so that each party's objections are included with the other's instructions, inasmuch as the parties disagree.  [*See* Doc. # 44 at 9 ("The Court expects counsel to agree on the substantial majority of jury instructions, particularly when pattern or model instructions provide a statement of applicable law.").]  The CMO also warned the parties that their failure to follow the Court's clear instructions on this subject would result in the imposition of sanctions and would be deemed waiver of a jury trial.  *Id.* at 10.

Accordingly, the parties' counsel are hereby **ORDERED TO SHOW CAUSE** why they should not be sanctioned for their failure to timely cooperate in the filing of pretrial documents that were due on July 5, 2023.  Counsel shall be prepared to address these issues at the Final Pretrial Conference on **July 11, 2023.**

**IT IS SO ORDERED**.